# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN MUSHOVIC,

    Plaintiff,

v.

ALLEGIANT AIR, LLC, *et al.*,

    Defendants.

Case No. 2:12-CV-00722-KJD-GWF

**ORDER**

    Presently before the Court is Plaintiff's Motion to Remand (#8). Defendant filed a Response in Opposition (#10) to which Plaintiff replied (#11).

I. Background

    Plaintiff Steven Mushovic was employed by Defendant Allegiant Air, LLC ("Allegiant") in July 2004 as a pilot. Mushovic continued to work as a pilot until he grounded himself in June 2008 because he was suffering from Chronic Obstructive Pulmonary Disease (COPD). From June 2008 until November 2010, Mushovic continued to work at Allegiant on light duty status at the Las Vegas Pilot base.

On November 1, 2010, Mushovic informed Allegiant that though he was still suffering from COPD, he had been cleared by his doctor and the FAA to fly again. On November 17, 2010, Mushovic began re-qualification training, but this training was cut short by Allegiant on December 30, 2010. Allegiant informed Mushovic that he would need to undergo a medical examination before he could complete his training.

On January 19, 2011, Mushovic received a First Class Medical Certificate from the FAA stating that he had met the medical standards prescribed in the Federal Aviation Regulations. The certification was valid until July 31, 2011. Despite the FAA certification, Allegiant insisted that Mushovic undergo additional medical examinations.

Allegiant arranged for Mushovic to be examined by Dr. David Altman, a medical doctor, and Dr. George Miller, a psychologist, in Chicago. On February 14 and 15, 2010, Altman and Miller examined Mushovic and reported that "[b]ased upon the FAA Airmen Criteria we have concluded that Captain Mushovic has a medically disqualifying condition and thus should presently not be on active flight status." Accordingly, on March 15, Allegiant placed Mushovic on medical leave. On April 1, 2011, Mushovic was terminated for medical conditions that disqualified him from flying.

On April 9, 2012, Mushovic filed the present complaint in state court asserting causes of action for violating provisions of Nevada's anti-discrimination statutes and for civil conspiracy, a Nevada common law claim. Allegiant filed a petition for removal on May 1, 2012. Mushovic then filed a motion to remand the action on May 4, 2012.

II. Motion to Remand

Federal courts have removal jurisdiction only if there is original jurisdiction over a suit. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant").  Furthermore, there is a strong presumption against removal jurisdiction, which means that the defendant always has the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

1  The presence of federal-question jurisdiction is governed by the "well-pleaded complaint
2  rule," which provides that federal jurisdiction exists only when a federal question is presented on the
3  face of the plaintiff's properly pleaded complaint. Caterpillar, 482 U.S. at 392.  Thus, a plaintiff may
4  avoid federal jurisdiction by exclusive reliance on state law. Id. Cases may not be removed to federal
5  court on the basis of a federal defense. Id. at 393.
6  A party seeking removal must show that the plaintiff has either alleged a federal claim, a state
7  claim that requires the resolution of a substantial issue of federal law, or a state claim completely
8  preempted by federal statute. See American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257,
9  260 (1916); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983);
10 Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987).
11 A. Substantial Issue of Federal Law
12 Allegiant first argues that removal is proper because Mushovic has alleged a state claim that
13 requires the resolution of a substantial issue of federal law.  Mushovic claims that he was
14 discriminated against because of a disability in violation of NRS § 613.330. For claims arising under
15 NRS § 613.330 employees must allege that "(1) they belonged to a protected class; (2) they were
16 qualified for their jobs; (3) they were subjected to an adverse employment action; and (4) similarly
17 situated employees not in their protected class received more favorable treatment." City of N. Las
18 Vegas v. State Local Gov't Employee-Mgmt. Relations Bd., 261 P.3d 1071, 1078 (Nev. 2011), reh'g
19 denied (Feb. 23, 2012) (quoting Moran v. Selig, 447 F.3d 748, 753 (9th Cir. 2006)).
20 Allegiant argues that the second element of the claim, whether Mushovic was qualified for
21 his job as a pilot, requires the Court to determine whether Mushovic met FAA medical
22 qualifications–a federal issue. However, no such determination is needed. Mushovic has alleged that
23 on January 19, 2011, the FAA issued him a First Class Medical Certificate, valid until July 31, 2011.
24 The certificate specifically states that Mushovic met the medical standards of the Federal Aviation
25 Regulations.
26

Allegiant argues that while Mushovic may have been issued a First Class Medical Certificate, he did not pass a later medical examination conducted by a doctor in Chicago. While that may be true, resolving such a dispute does not require the resolution of a substantial issue of federal law. Additionally, such an assertion is considered a defense, and cases may not be removed to federal court on the basis of a federal defense.

### B. Preemption

Allegiant also argues that removal is proper because Mushovic has alleged a state claim completely preempted by federal statute. Under the "complete preemption doctrine," once an area of law had been completely preempted, any claim purportedly based on the preempted state law is considered, from its inception, a federal claim and therefore arises under federal law. Id. at 393. Therefore, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law. See Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir. 2000). Consequently, a complaint containing a completely preempted claim may properly be removed to district court under 28 U.S.C. § 1441. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003).

Allegiant argues that Mushovic cannot proceed with his state discrimination claims because they are preempted by the Airline Deregulation Act ("ADA") of 1978. The ADA contains a preemption clause which reads, "a State . . . may not enact or enforce a law . . . related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1).

Allegiant argues that Nevada's anti-discrimination law, at least as it pertains to discrimination against those with physical disabilities in the airline industry, is preempted by the above cited statute because physical disabilities have bearing on an individual's ability to render services safely and efficiently, which relates to the "service" the air carrier provides.

The same argument was made and rejected by the Ninth Circuit in Aloha Islandair, Inc. v. Tseu, 128 F.3d 1301, 1303 (9th Cir. 1997). The facts of Aloha are almost identical to those of this case. In Aloha, a pilot was terminated due to a medical condition even though he had satisfied

4

stringent FAA requirements. Id. On the issue of preemption, the Court held: "In sum, we see no congressional purpose that would be served by denying to FAA-certified pilots, in the name of preemption, the protection of [a state's] law from employment discrimination based on physical disability." Id. Allegiant has not shown why this Court should not adhere to binding case precedent. The Court finds that Mushovic's discrimination claims are not preempted by the ADA.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#8) is **GRANTED**.

Dated this 12th day of September 2012.

_____
Kent J. Dawson
United States District Judge